[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13506
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00483-EAK-TBM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE BOLIVAR OROBIO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 17, 2018)

Before TJOFLAT, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jose Bolivar Orobio appeals his 135-month sentence for 1 count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a)-(b), and 21. U.S.C. § 960(b)(1)(B)(ii), and 1 count of possession with intent to distribute 5 kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).  On appeal, he argues that his sentence is substantively unreasonable because the District Court failed to consider the 18 U.S.C. § 3553(a) factors.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In reviewing a district court's sentence for substantive reasonableness, we examine the totality of the circumstances to determine whether the statutory factors in § 3553(a) support the sentence in question.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  A sentence may be substantively unreasonable if a district court unjustifiably relied on any § 3553(a) factor or failed altogether to consider pertinent § 3553(a) factors.  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  We do not require a district court to state on the record that it has

2

explicitly considered each of the § 3553(a) factors and will consider it sufficient where the district court acknowledges that it considered the defendant's arguments and the § 3553(a) factors. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We will not remand for resentencing unless left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside of the range of reasonable sentences based upon the facts of the case. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). That we may reasonably conclude a different sentence is appropriate is insufficient for reversal. *Gall*, 552 U.S. at 51.

The district court's sentence must be "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The district court also must consider the nature and circumstances of the offense and history and

characteristics of the defendant, the kinds of sentences available, the guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). As such, the court need not specifically address every mitigating factor raised by the defendant for the sentence to be substantively reasonable. *See United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010).

Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). That a sentence is below the statutory maximum is another indicator of reasonableness. *See Gonzalez*, 550 F.3d at 1324.

Here, Orobio's sentence is substantively reasonable. The District Court weighed Orobio's personal circumstances against the substantial amount of cocaine involved in the offense. *See Clay*, 483 F.3d at 743. Although Orobio argues that being exposed to domestic violence as a child, his sixth grade level of education, and his illiteracy were not taken into consideration, the District Court was not required to address every mitigating factor raised by him. *See Snipes*, 611

4

F.3d at 873.  The Court also noted Orobio's background and explicitly stated that it considered his arguments and the § 3553(a) factors before imposing the sentence. *Dorman*, 488 F.3d at 938.  Although Orobio argues that a downward variance would have been more appropriate, that argument alone is not enough for us to reverse the District Court's sentence.  *See Gall*, 552 U.S. at 51.  Lastly, Orobio's 135-month sentence is at the lowest end of the guideline range of imprisonment and below the statutory maximum of life, which further indicates its reasonableness.  *See* 46 U.S.C. §§ 70506(a), (b); 21 U.S.C. § 960(b)(1)(B)(ii); *Gonzalez*, 550 F.3d at 1324; *Hunt*, 526 F.3d at 746.  Accordingly, we affirm.

**AFFIRMED.**